LILES, Acting Chief Judge.
John H. Dolcater, a member of the Board of Directors of the Florida State Fair and Gasparilla Association, was injured in a fall on the State Fair Grounds located in and owned by the City of Tampa and leased to Florida State Fair and Gas-parilla Association. Dolcater’s injuries occurred when he slipped and fell on some steps leading from the grandstands. Dol-cater brought suit against Florida State Fair and Gasparilla Association and alleged that his injuries were caused by the defendant’s negligent failure to provide lighting in the grandstand area thereby causing the steps to be dark, negligent failure to provide a handrail next to the steps, and by otherwise maintaining the steps in poor repair and design. Following the filing of the complaint, service of process was acquired on Mr. M. D. Anderson, Assistant-Manager of Florida State Fair and Gasparilla Association, Inc.
On December 18, 1970, the appellant filed a motion to quash Dolcater’s complaint on the grounds that there had been a failure of service of process on Florida State Fair and Gasparilla Association. Subsequently its motion was denied and this interlocutory appeal ensued.
Appellant, Florida State Fair and Gas-parilla Association, maintains that it is a corporation that is not amenable to service of process under the present laws of the State of Florida. Appellant contends that there is no statutory authority which provides for service of process on a corporation of its nature. Appellant argues that it is not a private corporation, thus precluding it from being within the scope of Fla. Stat. § 48.081, F.S.A. Appellant also argues that it is not subject to service of process under Fla.Stat. § 48.091, F.S.A., in that it is excluded from the operation of that section by subsection (6) of section 48.091.
We believe that the question of whether or not appellant is a corporation amenable to service of process is a question which hinges on the interpretation of section 48.- *918 091. In that statute in subsection (1) is found the following language:
“Every Florida corporation, now or hereafter incorporated * * * shall file with the secretary of state, within thirty days from the effective date of this section or within thirty days from the filing of its certificate of incorporation or its qualification to transact business, unless heretofore filed, a certificate designating a resident agent and an office, place of business or location for the service of process within this state.” (Emphasis added.)
The express import of this provision is that it makes every Florida corporation subject to service of process unless the corporation is excepted from subsection (1) by subsection (6) which reads:
“This section does not apply to the following named corporations and classes of corporations, to wit: * * * state fairs or expositions, * * * ” (Emphasis added.)
The question for our consideration thus depends on whether or not Florida State Fair and Gasparilla Association is a state fair or exposition within the meaning of subsection (6) of section 48.091. If appellant is a state fair or exposition then it is excluded from the operation of subsection 48.091(1) and it is indeed a corporation not amenable to service of process. On the other hand, if appellant is not such a state fair or exposition then it is included within the “every Florida corporation” provision of subsection 48.091(1) and is amenable to service of process.
We hold that appellant is not a “state fair or exposition” within the meaning of subsection 48.091(6). Thus appellant is amenable to service of process and the trial court was correct in denying appellant’s motion to quash.
We reach this conclusion by noting two chapters of the Florida Statutes which deal with fairs or expositions. The first is chapter 615 which is entitled and deals with “State Fairs or Expositions.” The second is chapter 616 which is entitled and deals with “Public Fairs and Expositions.” Appellant is a corporation organized under chapter 616 and as such has been classified by the legislature as a public fair or exposition company and not as a state fair or exposition company which would be the case if appellant had been organized under chapter 615. Giving due regard to this legislative distinction, we note that subsection 48.091(6) excludes state fairs from the operation of subsection 48.091(1), but does not exclude public fairs from the operation of subsection 48.091(1). Thus public fairs and expositions (chapter 616 corporations) are amenable to service of process through the operation of subsection 48.-091(1). Appellant, being a public fair organized under chapter 616, is thus amenable to service of process.
For the foregoing reason, we have concluded that the trial court was correct in denying appellant’s motion to quash the complaint. We therefore affirm.
HOBSON and McNULTY, JJ., concur.